IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Craig R.,  *Plaintiff*,  v.  Martin O'Malley, Commissioner of Social Security,[1]  *Defendant*. | No. 23 C 50035  Magistrate Judge Lisa A. Jensen |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Craig R. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his application for disability insurance benefits.[2] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**PROCEDURAL BACKGROUND**

On September 24, 2019, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of September 3, 2019, because of epilepsy, depression, broken right wrist, and right foot injury. R. 82. His claim was denied initially on March 20, 2020, and upon reconsideration on August 17, 2021. R. 185, 192. A hearing was held before an administrative law judge (ALJ) on October 14, 2021. R. 18. The ALJ issued a written decision on March 1, 2022, finding that Plaintiff was not disabled under the applicable sections of the Social Security Act, and thus, not entitled to benefits. R. 18-42. The ALJ found that Plaintiff had the following severe

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 6.

impairments: seizure disorder; degenerative disc disease of the cervical spice, status post laminectomy and C3-C4 fusion; obesity; and asthma/chronic obstructive pulmonary disease (COPD). R. 21. The ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 25. The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; have occasional exposure to vibration, dust, gases, odors, fumes and pulmonary irritants; never be around unprotected heights and dangerous heavy moving machinery; and never operate commercial vehicles.

R. 29. The ALJ determined that Plaintiff was unable to perform any past relevant work, but considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. R. 41. After the Appeals Council denied Plaintiff's request for review on March 1, 2022, Plaintiff filed this instant action. R. 15; Dkt. 1.

**FACTUAL BACKGROUND**

Plaintiff was diagnosed with epilepsy at age 9. R. 506. He testified that, in the summer of 2019, his seizures began increasing from an average of two per month to three or four per month. R. 58. In late October 2019, Plaintiff reported that, despite taking his medication faithfully, he had experienced at least two seizures since the beginning of the month. His medication was increased. Two months later, in December 2019, Plaintiff was admitted to the hospital to undergo EEG monitoring and for a brain MRI. R. 748. At that time, he reported that he was still having two to three seizures per month, despite the increase in medication. R. 731. One month later, in January 2020, Plaintiff again reported that he was having seizures two to three times per month. R. 720.

For the remainder of 2020, Plaintiff continued to receive treatment for his seizures, including increasing medication dosages and changing medications. R. 852, 1218, 1307.

In September 2019, Plaintiff suffered a left distal radius fracture after falling from a forklift. R. 514. He underwent surgery on his wrist because of this fracture. R. 634-36 Three months later, in December 2019, Plaintiff reported bilateral numbness in his upper extremities that went from his neck and down into his fingertips. R.755. His medical provider suspected foraminal stenosis and subsequently ordered a CT scan and MRI. R. 757. In March 2020, Plaintiff received an MRI, which revealed moderate to severe cervical spine central canal narrowing at C5-C6 with central intramedullary T2 signal abnormality of the cord. R. 849. Plaintiff received a CT scan three weeks later, which showed degenerative changes in the cervical spine, particularly at C4-5 and C5-6; left asymmetric broad-based disc osteophyte complex at C4-5 resulting in moderate spinal canal narrowing; broad-based disc osteophyte complex at C5-6 resulting in severe spinal canal stenosis; and severe left and moderate right foraminal narrowing R. 832. On June 23, 2020, Plaintiff underwent cervical fusion with C4-5 laminectomies, C3-6 posterior fusion with allograft and instrumentation R. 996-97.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."

*Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## DISCUSSION

One of Plaintiff's arguments for remand is that the ALJ erred in evaluating the medical opinion evidence. After reviewing the record, the Court finds that the ALJ did not properly evaluate Dr. Dow's opinion, specifically because he did not discuss or explain the factors of supportability and consistency, as required. This error is significant enough to warrant remand on its own, and, thus, the Court limits its analysis to this argument.

Because Plaintiff's claim was filed after March 27, 2017, the ALJ was required to weigh agency consultant Dr. Dow's opinion under the regulations set out in 20 C.F.R. § 404.1520c. Under these regulations, the ALJ evaluates all medical source opinions using the following factors: supportability, consistency, relationship with the claimant, specialization, and any other factors which tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors to be considered in evaluating how persuasive an ALJ finds a medical source's medical opinions, and as a result, an ALJ must discuss how she considered those factors. 20 C.F.R. § 404.1520c(b)(2); *see also Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022).

For a medical opinion to be supportable, it must be based on "the objective medical evidence and supporting explanations." 20 C.F.R. § 404.1520c(c)(1). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Similarly, for an opinion to be consistent, it must be, reductively, consistent with the record. 20 C.F.R. § 404.1520c(c)(2). "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

> Here, the ALJ's analysis of Dr. Dow's opinion, in its entirety, reads:

> At the reconsideration level, on April 5, 2021, DDS medical consultant Victoria Dow, M.D., opined that the claimant was able to perform light work, except avoid concentrated exposure to hazards (unprotected heights, hazardous machinery, grossly uneven or hazardous footing) (7A, 8A). The undersigned finds Dr. Dow's opinion persuasive because it is consistent with the evidence, as it existed at the time she reviewed the record and with the evidence received at the hearing level.

R. 39-40.

Plaintiff argues that the ALJ's analysis of Dr. Dow's opinion is flawed because, while she mentioned consistency, she provided no analysis of the consistency factor, and she did not address the supportability factor at all. This Court agrees that the ALJ's treatment of Dr. Dow's opinion requires remand. With respect to the supportability factor, the ALJ failed to address it at all. The failure to discuss supportability is an error which requires remand on its own. *Stevens v. Kijakazi*, No. 21 CV 270 SCD, 2022 WL 1000598 at *7 (E.D. Wisc. Apr. 4, 2022) ("The failure to address the supportability of a prior administrative medical finding constitutes legal error.") (citing *Bonett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam); *Starman v. Kijakazi*, No. 2:20-cv-00035-SRC, 2021 WL 4459729 (E.D. Mo. Sept. 29, 2021)).

With regard to the consistency factor, the ALJ noted, with no further explanation, that Dr. Dow's opinion is persuasive because it "is consistent with the evidence as it existed at the time she reviewed the record and with the evidence received at the hearing level." R. 39-40. This is a conclusion not an explanation. *See*, *e.g.*, *Rebecca M.B. v. Kijakazi*, No. 22 C 41, 2023 WL 3168894, at *4 (N.D. Ill. Apr. 28, 2023) (concluding that ALJ's failure to discuss supportability and consistency with any specificity was error); *Patrice W. V. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) ("The ALJ…only identified a conclusion – as opposed to an explanation – with respect to the consistency of the consultants' opinion with the record.").

The Commissioner argues that, although the ALJ made no mention of supportability, the error is harmless, because "the ALJ's detailed, thorough analysis explained in great detail the evidence that supported her residual functional capacity finding, which incorporated Dr. Dow's opinion that plaintiff could perform a reduced range of light work." Dkt. 18 at 15. The Court is not persuaded by this argument. The ALJ summarized the medical record, but a summary is not a substitute for analysis. *E.g.*, *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (no logical bridge where the ALJ recited the medical evidence but did not analyze it). The Commissioner does not explain how the ALJ's summary of the evidence substitutes for an analysis of the supportability of Dr. Dow's opinion. Recall that supportability focuses on the supporting explanations presented by a medical source. Nowhere in the record did the ALJ discuss the supporting explanations offered by Dr. Dow or how those explanations supported Dr. Dow's recommendation of a light RFC.

Moreover, although the ALJ summarized the evidence, she states that Dr. Dow's opinion is consistent with the medical records and evidence obtained at the hearing level. But which evidence? Plaintiff testified that his right leg was painful and inflamed, gave out on him, and that he could only stand for 15 to 30 minutes before he got pain on the right side and into his upper buttocks and hip. R. 65-66. He also testified that he could not lift more than 10 pounds or sit for more than 20 minutes.

R. 70, 73. Dr. Dow's opinion that Plaintiff could perform a light RFC is not consistent with that evidence and with regard to "hearing level evidence," the ALJ cites no other evidence to support Dr. Dow's opinion. Thus, without further explanation, it is not clear how the hearing level evidence is consistent with Dr. Dow's opinion. Moreover, there are a number of medical records that may support Plaintiff's allegations of debilitating pain. Some examples include a finding of 3+ edema in the knees bilaterally (R. 157) and recent EMG studies documenting objective evidence of chronic right L5 motor radiculopathy (R. 1269). Again, without further explanation it is not clear what medical evidence the ALJ believes is consistent with Dr. Dow's opinion that Plaintiff can perform light work.

Perhaps conceding that the ALJ did not appropriately analyze Dr. Dow's opinion, the Commissioner argues that any such failure alone does not warrant remand unless Plaintiff shows "that the error actually harmed plaintiff." Dkt. 18 at 8. The harmless error doctrine allows this Court to affirm the Commissioner's disability determination if it can conclude with "great confidence" that the ALJ would reach the same conclusion absent the error. *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). The mere possibility that an ALJ might reach the same conclusion is not enough to establish harmless error. *Id.* ("But the fact that the administrative law judge, had she considered the entire record, might have reached the same result does not prove that her failure to consider the evidence was harmless."). Plaintiff argues that Dr. Dow failed to explain how the records supported a light RFC, especially given Plaintiff's complaints of difficulty standing and walking coupled with an EMG showing chronic radiculopathy, and examination findings of bilateral edema in the knees. Plaintiff further argues that, because he turned 50 on November 22, 2020, a finding of sedentary work would have resulted in a finding of disabled. *See* 20 C.F.R. § 404.1563; 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, Rule 201.09.

This Court finds that there is evidence in the record that could have supported a finding that Dr. Dow's opinion that Plaintiff was capable of a light RFC was not supportable or consistent

with the record. As such, the Court cannot conclude with "great confidence" that the ALJ's decision would have been the same if she had done a proper analysis of Dr. Dow's opinion. Moreover, if the ALJ had concluded, based on the records Plaintiff pointed to above, that Plaintiff was limited to a sedentary RFC, Plaintiff would be found disabled.

Substantial evidence does not support the ALJ's decision, because the ALJ did not sufficiently explain her evaluation of the medical opinion evidence. As such, this case must be remanded for further consideration. On remand, the ALJ must reevaluate Dr. Dow's opinion and articulate her reasons for accepting or rejecting that opinion by addressing the supportability and consistency factors with the evidence in the record. In light of this Court's remand, it will not address Plaintiff's remaining arguments. However, Plaintiff's counsel should raise all issues argued on appeal with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion.

Date: March 29, 2024     By:     *Lisa A. [signature]*
                                                      Lisa A. Jensen
                                                      United States Magistrate Judge